IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **NARSEAL BATISTE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:13-13565 |
| | ) | |
| **FEDERAL BUREAU OF PRISONS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On June 6, 2013, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs (Document No. 1.) and a form Complaint and formal typewritten Complaint (Document Nos. 6 and 7.) seeking relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971) and 42 U.S.C. § 1985(3).[1] Plaintiff names the following as Defendants: (1) Federal Bureau of Prisons [BOP], (2) Joel Ziegler, Warden of FCI Beckley, Beaver, West Virginia, (3) Dominic McLain, Clinical Director at FCI Beckley, (4) Kevin Thompson, Administrator of the Health Services Department at FCI Beckley, and (5) unknown John and Jane Does, employees of the FCI Beckley Health Services Department and other persons acting together with them in violation of Plaintiff's constitutional rights. Plaintiff alleges the individual Defendants' liability in their official and individual capacities. (Document No. 7, pp. 4 - 6.) Having considered Plaintiff's claims upon screening under 28 U.S.C. § 1915A, the undersigned has determined that Plaintiff's Bivens claim against the BOP and Defendants in their

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

official capacities and Plaintiff Section 1985 claim should be dismissed and this matter should be referred back to the undersigned for further proceedings upon Plaintiff's Bivens claim against the remaining Defendants in their individual capacities.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff claims essentially that Defendants have violated his Eighth Amendment right to adequate medical care while incarcerated by failing to examine, evaluate and treat him for his intestinal condition which he describes as follows (Document No. 7, pp. 2 - 3.):

> It is well-documented that before, during and after Plaintiff's arrest by federal authorities and subsequent jury trial in the U.S. District Court, Miami, Florida, the Plaintiff continuously endured extremely persistent, excruciating and debilitating intestinal pain emanating from a yet to be determined source, however, it is believed by Plaintiff from the symptoms he is suffering that an unknown parasite continues to live, grow, and flourish in Plaintiff's intestinal tract. At the conclusion of Plaintiff's criminal proceedings, he was remanded to the custody of the U.S. Marshals Service awaiting transfer to the Federal Bureau of Prisons in order to satisfy the sentence imposed upon him by the Court. Significantly, from the very moment Plaintiff arrived at FCI Beckley, Beaver, West Virginia in 2009, he has continually and incessantly sought professional medical treatment from the Defendants, physicians and physician assistant(s) in the employ of the FCI Beckley Health Services Department. Plaintiff respectfully avers his repeated and frequent trips to the Health Services Department have all been for not and met with hostile, callous and uncaring attitude by the Defendants with respect to his degenerating intestinal abnormality and ailment.

Plaintiff alleges in Count I of his Complaint that "[t]he violations complained of in this Complaint include, but are not limited to, deprivation of identifiable civil rights, i.e. the failure and/or refusal to provide the Plaintiff . . . with prompt, proper, professional and necessary care at a time when the same was absolutely essential as a result of the known serious medical needs associated with his long-term intestinal disorder to cause [Plaintiff] physical, mental and emotional harm, pain, humiliation and/or injury, and thereafter, evidence a deliberate indifference to the immediate, grave and serious medical needs of Plaintiff . . . ." (Id., p. 8.) Plaintiff further alleges that Defendants acted pursuant to "policies, regulations and decisions . . . or custom, usage or practice" which caused him

harm in violation of his constitutional rights. (Id., pp. 8 - 10.) Plaintiff alleges in Count II that Defendants conspired to deprive him of his constitutional rights in violation of 42 U.S.C. § 1985. Plaintiff alleges that Defendants engaged in a conspiracy to deprive him of federally protected rights, privileges and immunities by committing "acts of negligence, complete and absolute disregard, fail to care or provide for, and out-and-out abandon with respect to Plaintiff's known serious medical needs." Plaintiff alleges further that "Defendants willfully and maliciously agreed and conspired to engage in a course of conduct that has resulted in a blatant violation of Plaintiff's . . . constitutional rights through their acts of omission and commission. As a direct and proximate consequence of the Defendant's action during the period of Plaintiff's incarceration at Federal Correctional Institution, Plaintiff has endured and sustained permanent damage and injuries, pain, suffering, and resulting infinite harm, devastation and perniciousness to vital organs of his body." (Id., pp. 10 - 11.) Plaintiff seeks injunctive and monetary relief. (Id., pp. 11 - 12.)

    **A.**    **Plaintiff's Bivens Claim.**

Plaintiff is seeking relief for alleged violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) An action for money damages may be brought against federal agents acting under the

color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under <u>Bivens</u> must show the violation of a valid constitutional right by a person acting under color of federal law. The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to <u>Bivens</u>. <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed. 2d 171 (1991). However, <u>Bivens</u> claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); <u>Berger v. Pierce</u>, 933 F.2d 393, 397 (6th Cir. 1991); <u>Reingold v. Evers</u>, 187 F.3d 348, 355 n. 7 (4th Cir. 1999). Plaintiff names the BOP and federal employees in their official capacities as Defendants when they are not properly sued under <u>Bivens</u>. Plaintiff's <u>Bivens</u> action against the BOP and its employees in their official capacities should therefore be dismissed.

  **B. Plaintiff's Section 1985(3) claim.**

  Section 1985(3) provides as follows:

> If two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or * * * in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having or exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Therefore, to state a claim for relief under Section 1985(3), a plaintiff must allege (1) a person's engagement in a conspiracy; (2) for the purpose of depriving, either directly or indirectly, the plaintiff or class of persons of the equal protection of the laws, or of equal privileges or immunities

under the laws; (3) the person's act in furtherance of the conspiracy; (4) the plaintiff's injury in his person or property or deprivation of a right or privilege of a citizen of the United States. Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995). Allegations specifying "concrete supporting facts" are required to state a claim for relief under Section 1985(3). Conclusory allegations of conspiracy will not suffice. Simmons v. Poe, 47 F.3d at 1377 ("[W]e have specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts.") Additionally, federal agencies and officials in their official capacities are immune from suit, but federal officials can be sued in their individual capacities under Section 1985. Proffitt v. United States, 758 F.Supp. 342, 345 (E.D.Va. 1990)("[T]he United States is not a person within the meaning of § 1985. * * * Nor can plaintiff recover damages against the individual defendants sued in their official capacities."(Citation omitted.)); Baird v. Haith, 724 F.Supp. 367, 384 (D.Md. 1988).

The undersigned finds that Plaintiff has not stated a claim for which relief may be granted under Section 1985(3). Plaintiff does not allege that Defendants engaged in a conspiracy to deprive him of the equal protection of the laws or of equal privileges and immunities under the laws of the United States. Moreover, Plaintiff has not specifically alleged concrete facts with respect to each of the four elements required to prove a Section 1985(3) claim as set forth above. Plaintiff's allegations are conclusory. Plaintiff's Section 1985 claim against Defendants should therefore be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Plaintiff's Bivens claim against the BOP and the Defendants in their official capacities and **DISMISS** Plaintiff's Section 1985(3) claim for his failure to state a claim for which

relief may be granted and **REFER** this matter back to the undersigned for further proceedings upon Plaintiff's Bivens claim against the remaining Defendants in their individual capacities.

Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: September 12, 2013.

R. Clarke VanDervort
United States Magistrate Judge