IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

NARSEAL BATISTE,

          Plaintiff,

v.                                                   CIVIL ACTION NO.   5:13-cv-13565

FEDERAL BUREAU OF PRISONS, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *pro-se* Plaintiff's *Complaint* (Documents 6 & 7) in which he seeks relief pursuant to *Bivens v. Six Unknown Federal Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1985(3).  By *Standing Order* (Document 8) entered June 6, 2013, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission of proposed findings of fact and a recommendation for disposition (PF&R) pursuant to 28 U.S.C. § 636(b)(1)(B).  The Plaintiff timely filed his objections to the PF&R on October 30, 3013. (Document 19.)   Following careful review and consideration, the Court finds, for the reasons stated herein, that the Magistrate Judge's PF&R should be adopted.

*I.     FACTUAL AND PROCEDURAL BACKGROUND*

The Plaintiff, currently incarcerated at FCI Beckley, initiated this action with a form Complaint as well as a more detailed typewritten Complaint, both filed on June 6, 2013.

(Documents 6 & 7.)[1] He names as defendants the Federal Bureau of Prisons (BOP); Joel Ziegler, Warden at FCI Beckley; Dr. Dominic McClain, Clinical Director at FCI Beckley; Kevin Thompson, Health Services Administrator at FCI Beckley, and unknown John and Jane Does. The Defendants are named in their individual and official capacities. Upon screening the Plaintiff's claims pursuant to 28 U.S.C. § 1915A, the Magistrate Judge recommended that this Court dismiss the Plaintiff's *Bivens* claim against the Bureau of Prisons (BOP) and the other Defendants in their official capacities, dismiss the Plaintiff's § 1985 conspiracy claim, and then refer the matter back to the Magistrate Judge for further proceedings with respect to the Plaintiff's *Bivens* claim against the remaining Defendants in their individual capacities. (PF&R at 5–6, Document 10.) As mentioned above, the Plaintiff filed timely objections, asserting that he alleged sufficient facts to support his 42 U.S.C. § 1985(3) conspiracy claim. In his PF&R, the Magistrate Judge sets forth in detail the Plaintiff's factual and legal allegations. The Court now incorporates by reference those facts and procedural history. To provide context for the ruling herein, the Court provides the following summary.

      The Plaintiff alleges that he suffers from severe intestinal abnormalities and/or parasites, resulting in constant pain. He states that he "has not been thoroughly examined, evaluated, diagnosed, treated, or cured for his intestinal disorder and/or condition" in violation of his Eighth Amendment rights. (Form Compl. § IV, p. 4) (Document 6) (emphasis removed.) He claims that "his repeated and frequent trips to the Health Services Department have all been for not (sic) and [he has been] met with [an] hostile, callous and uncaring attitude by the Defendants." (Compl. at 3) (Document 7.) He alleges that the Defendants "collectively and individually

---

1 Any reference to the Plaintiff's Complaint in this Opinion is a reference to the longer typewritten Complaint (Document 7), unless otherwise noted.

developed, planned and implemented the policy, custom and/or usage that resulted in and caused Plaintiff unnecessary pain and suffering, as well as cruel and unusual punishment." (*Id*. at 9.) He has provided documentation regarding his exhaustion of administrative appeals, and he seeks monetary and injunctive relief.[2]

## II.     STANDARD OF REVIEW

28 U.S.C. § 1915A provides for screening of any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Before permitting the case to move forward or requiring a response from the defendants, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b). The Magistrate Judge recommends that portions of the Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted based on his screening of the case.

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections

---

[2] The Court notes that the Plaintiff has since filed a motion for a temporary restraining order and a preliminary injunction. (See Document 22.) That motion has been referred to the Magistrate Judge for initial consideration, and will not be considered by the Court herein.

that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

### III. DISCUSSION

The Plaintiff does not appear to object to the Magistrate Judge's recommendation that his *Bivens* claim be dismissed against the BOP and the remaining Defendants in their official capacities. As correctly explained by the Magistrate Judge, *Bivens* provides a cause of action only against federal officers in their individual capacities, not against officers in their official capacities or against federal agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 485–86 (1994) (explaining that the *Bivens* remedy is an effective deterrent against officers only because claimants must bring suit against them as individuals, rather than suing the agencies that employ them). Though the Plaintiff briefly requests that "the pending Bivens action against the BOP and its employees in their official and individual capacities…be allowed to continue to a jury trial," he failed to present any factual or legal objections to the reasoning contained in the PF&R with respect to the dismissal of the *Bivens* claim against the BOP and against its employees in their official capacities. With no specific objections directed at the portion of the Magistrate Judge's decision recommending dismissal of the Plaintiff's claims against the BOP and its employees in their official capacities, de novo review is not required. Thus, the Court hereby adopts that portion of the PF&R.

4

For similar reasons, the Magistrate Judge noted that "federal agencies and officials in their official capacities are immune from suit, but federal officials can be sued in their individual capacities under Section 1985." (PF&R at 5.) The Plaintiff failed to specifically object to the Magistrate Judge's above-stated reasoning, and the Court adopts his finding and recommendation that the Plaintiff's 42 U.S.C. § 1985(3) conspiracy claim be dismissed against the BOP and the remaining Defendants in their official capacities.

The Plaintiff directed his objections at the Magistrate Judge's recommendation that his § 1985(3) claims be dismissed for failure to state a claim. Section 1985(3) provides:

> If two or more persons in any State or Territory conspire…for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws[.]…[I]n any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). This cause of action is directed at those who conspire to deprive protected classes of people of their rights. *Buschi v. Kirven*, 775 F.2d 1240, 1257 (4th Cir. 1985). The federal remedy, construed broadly, is for "conspiracies involving invidious animus toward a class of persons" who are not adequately protected by the state. *Id.* at 1258 (internal quotation marks omitted). The elements of proof for a § 1985(3) cause of action are: "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in

5

connection with the conspiracy." *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995) (citing *Buschi*, 775 F.2d at 1257).

The Magistrate Judge focused on whether the Plaintiff met the pleading standard required for allegations of conspiracy. (PF&R at 5) (finding that the Plaintiff's allegations of conspiracy were conclusory and lacked concrete supporting facts.) This Court disagrees with the Magistrate Judge's reasoning, but adopts his ultimate recommendation. The Plaintiff's complaint states sufficient allegations to meet the conspiracy elements, taking into consideration his status as a pro-se litigant. Crucially, however, he failed to allege a specific class-based discriminatory animus that motivated the Defendants' actions, and such omission is fatal to his claim. Moreover, the Plaintiff did not even allege membership in a protected class, a prerequisite for any claim that the Defendants treated him differently due to that membership.[3]

In his objections, the Plaintiff did suggest that the Defendants consider him "nothing more than a 'terrorist' and not worthy of medical treatment." (Obj. at 5.) The Plaintiff goes on to state that "the [Defendants] conspired to cause Plaintiff Batiste to suffer and endure a great deal of pain due to the fact he was/is an alleged terrorist." (*Id.* at 6.) He further relates an incident in which a physician's assistant referred to him as a "fake terrorist" and told him that he did not "like [his] kind." (*Id.* at 4.) Even reading these statements and allegations into the complaint, people accused or convicted of terrorism-related offenses do not constitute a protected class for the purposes of 42 U.S.C. § 1985(3). "To meet the requirement of a class-based discriminatory animus, under this section the class must possess the 'discrete, insular and immutable characteristics comparable to those characterizing classes such as race, national origin and sex.'"

---

3 Though everyone belongs to a protected class based on their race, gender, or national origin, it is necessary that plaintiffs allege membership in the class that they believe is the subject of the alleged discrimination.

6

*Buschi*, 775 F.2d at 1257 (quoting *Bellamy v. Mason's Stores, Inc.,* 368 F.Supp. 1025, 1028 (E. D. Va.1973), *aff'd,* 508 F.2d 504 (4th Cir.1974)). Thus, the Court hereby adopts the Magistrate Judge's recommendation that the Plaintiff's claim pursuant to § 1985(3) be dismissed against the Defendants in their individual capacities as well as in their official capacities.

## IV.  CONCLUSION

For the reasons stated herein, and following thorough review and careful consideration, the Court hereby **ORDERS** that the Magistrate Judge's Proposed Findings and Recommendation (Document 10) be **ADOPTED** and that the Plaintiff's Objections (Document 19) be **OVERRULED**. The Court further **ORDERS** that Count II of the Plaintiff's Complaint (Document 7), pursuant to 42 U.S.C. § 1985(3), be **DISMISSED WITH PREJUDICE**, and that Count I of his Complaint, pursuant to *Bivens v. Six Unknown Federal Agents of the Federal Bureau of Narcotics*, be **DISMISSED WITH PREJUDICE** as to the Bureau of Prisons and the remaining Defendants in their official capacities.

Lastly, the Court **ORDERS** that this matter be **REFERRED** back to the Magistrate Judge for Proposed Findings and Recommendation with respect to the Plaintiff's *Bivens* claim against the remaining Defendants in their individual capacities.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: December 16, 2013

*/s/ Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA